29-38 Ave. Realty, LLC v New York Food Truck Assn., Inc. (2024 NY Slip Op 51201(U))

[*1]

29-38 Ave. Realty, LLC v New York Food Truck Assn., Inc.

2024 NY Slip Op 51201(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2022-1002 Q C

29-38 Avenue Realty, LLC, Appellant/Respondent,
against
New York Food Truck Association, Inc., Doing Business as 
 New York Food Trucking Association, Inc., Respondent/Tenant. NYFTA, Inc., Nonparty/Nonparty-Appellant. 

Donald Eng, for appellant/respondent.
Belkin, Burden, Goldman, LLP (Martin Meltzer of counsel), for respondent/tenant and nonparty/nonparty-appellant (no brief filed).

Appeal and cross-appeal from a decision of the Civil Court of the City of New York, Queens County (Lisa Lewis, J.), dated December 5, 2022, deemed from a final judgment of that court entered August 17, 2023. The final judgment, insofar as appealed from by landlord, dismissed the petition in a commercial nonpayment summary proceeding. The final judgment, insofar as cross-appealed from by nonparty NYFTA, Inc., dismissed its counterclaims.

ORDERED that, on the court's own motion, the notice of cross-appeal by New York Food Truck Association, Inc., Doing Business as New York Food Trucking Association, Inc., is deemed to be by nonparty NYFTA, Inc. (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605 [2004]; Barbanas v Boodoo, 134 AD3d 970 [2015]); and it is further,
ORDERED that the final judgment is modified by providing that the dismissal of NYFTA, Inc.'s counterclaims is without prejudice; as so modified, the final judgment is affirmed, without costs.
Landlord commenced this commercial nonpayment proceeding against "New York Food [*2]Truck Association, Inc. d/b/a New York Food Trucking Association, Inc." The lease at issue named New York Food Trucking Association, Inc. as tenant, but contained references to both that entity and New York Food Truck Association, Inc. throughout, including directly above lines designated for the tenant's representative to sign. The lease and attached documents were signed by Benjamin Goldberg as "duly authorized" to sign on behalf of each entity, as listed above each signature line. An attorney purported to answer on behalf of both respondent and a nonparty, NYFTA, Inc., and asserted, among other things, that, while the lease referenced both New York Food Trucking Association, Inc. and New York Food Truck Association, Inc. as tenants, "on, and since, the date of execution of the lease, the correct name of the tenant has been 'NYFTA, Inc.' " Counsel interposed counterclaims on NYFTA, Inc.'s behalf for the return of the security deposit and constructive eviction.
At trial, Mr. Goldberg identified himself as NYFTA, Inc.'s president. He testified that New York Food Truck Association, Inc. was not the tenant and denied the existence of, or any affiliation with, New York Food Trucking Association, Inc., the entity named in the lease as the tenant. Mr. Goldberg further testified that he had advised landlord that the tenant was incorrectly named in the lease before it was signed, and had asked that it be corrected. He claimed, without submitting any supporting documentary evidence, that he sent landlord a redlined lease with the corrections. Although the lease was not changed, Mr. Goldberg, represented by counsel, nonetheless signed the lease in several different places as the authorized representative of New York Food Trucking Association, Inc. and New York Food Truck Association, Inc. NYFTA, Inc. submitted into evidence multiple rent checks drawn on NYFTA, Inc.'s bank account, which were signed by Mr. Goldberg and cashed by landlord. Landlord's officer testified that he "never knew" that the tenant's name was incorrect on the lease. He claimed that the rent checks from NYFTA, Inc. did not raise any questions for him because Mr. Goldberg signed the checks. 
In a decision after trial, the Civil Court acknowledged that, in the answer and at trial, "respondent" asserted that "respondent was incorrectly named on the lease and that the correct name of the tenant is NYFTA, Inc." The court further noted that, over the course of three years, landlord had cashed rent checks drawn on the account of NYFTA, Inc. Without ultimately deciding who is the tenant, the court concluded that landlord had "failed to amend the petition to add a necessary party in the action," and thereupon dismissed the petition. The court also dismissed NYFTA, Inc.'s counterclaims on the merits.
On appeal, landlord concedes "that no corporation by the name of 'New York Food Trucking Association Inc.' exists," but asserts that "New York Department of State records show that there is an active corporation called New York Food Truck Association Inc." Landlord alleges that it is for the foregoing reason that it named New York Food Truck Association, Inc., Doing Business as New York Food Trucking Association, Inc. as the respondent in this proceeding. Landlord's position on appeal is that New York Food Truck Association, Inc. is the tenant and proper respondent, and NYFTA, Inc. is not a necessary party to this proceeding.
Under the circumstances presented—including landlord's concession that the entity [*3]named in the lease as the tenant, New York Food Trucking Association, Inc., does not exist and its unsupported claim that the entity named as the respondent in this proceeding, New York Food Truck Association, Inc., is an active corporation—we take judicial notice of the online New York Department of State, Division of Corporations, Corporation and Business Entity Database, which reflects that there is no record in this state of the existence of either entity named in the petition or the lease (see Matter of LaSonde v Seabrook, 89 AD3d 132 [2011]; Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13 [2009]). Since the only respondent named in this proceeding is an entity that does not exist, the petition was properly dismissed, albeit on a different ground than that relied upon by the Civil Court.
We note that "a person entering into a contract on behalf of a nonexistent corporate entity"—here, Mr. Goldberg, who signed the lease—"may be held personally liable on the contract" (Commissioners of State Ins. Fund v Staulcup, 95 AD3d 1259, 1261 [2012] [internal quotation marks omitted]; see Churong Liu v Gabbay, 219 AD3d 459 [2023]; 2A NY Jur 2d, Agency and Independent Contractors § 341). We further note that the basis for the Civil Court's dismissal of the petition remains unclear. "[A] summary proceeding, being a possessory remedy, lies only against the tenant in possession and those in possession under the tenant" (Park Prop. Dev. v Santos, 1 Misc 3d 16, 17 [App Term, 2d Dept, 2d & 11th Jud Dists 2003] [internal quotation marks omitted]). The Civil Court's decision in this case states that landlord's error was in failing to "amend the petition to add a necessary party," presumably NYFTA, Inc., suggesting that both the named lessee and NYFTA, Inc. are required respondents. However, the Civil Court did not make any actual finding regarding the status of nonparty NYFTA, Inc. with respect to the subject premises or its relationship with the entity named in the lease or its principal. 
Finally, with respect to NYFTA, Inc.'s cross-appeal from so much of the final judgment as dismissed its counterclaims, a nonparty cannot interpose counterclaims (see CPLR 3019 [a]; Cherney v Pilevsky, 178 AD2d 263 [1991]). However, it was improper to dismiss the counterclaims on the merits. 
Accordingly, the final judgment is modified by providing that the dismissal of NYFTA, Inc.'s counterclaims is without prejudice.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024